## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| BRIAN DAVIS | CIVIL NO. 5:13-3277 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| ALEXANDER VAN HOOK, ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Brian Davis ("Plaintiff") sets out a claim for injunctive and monetary relief, alleging Alexander Van Hook, an Assistant U.S. Attorney, "malicious[ly] prosecut[ed]" and exacted a guilty plea from the Plaintiff solely through the unconstitutional use of a "tainted" confidential informant, Frederick D. McDaniel. [Record Document 1, pp. 3-4]. Also named as a Defendant is Steve Glassell, the Plaintiff's criminal defense attorney. While the clerk's docket of this matter lists Mr. McDaniel as a Defendant, a close reading of the complaint reveals the Plaintiff does not intend to sue Mr. McDaniel but only mentions him to explain the basis for his claims against Mr. Van Hook and Mr. Glassell. For the following reasons, the Court hereby **ORDERS** that the Plaintiff's claim against Steve Glassell be **DISMISSED WITH PREJUDICE** and that the Plaintiff's claim against Alexander Van Hook be **DISMISSED WITHOUT PREJUDICE**.

## I.    Background

In this action, Plaintiff argues the Defendants, Mr. Van Hook, the First Assistant U.S. Attorney, and Mr. Glassell, the Plaintiff's defense attorney, violated his

constitutional rights and asserts a claim against them pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971).[1] The Plaintiff demands the Court award him immediate release and "$60,000,000 million [sic] dollars for mental anguish and pain and suffering." [Record Document 1, p. 6].

On November 4, 2013, Plaintiff entered a conditional plea to one count of conspiracy to distribute cocaine and crack cocaine, as well as two counts of distribution of crack cocaine.[2] According to the Plaintiff, the criminal charges against him depended "solely" on Mr. McDaniel's alleged purchase of cocaine and crack cocaine from him. Id. at pp. 3-5. However, the Plaintiff claims Mr. Van Hook admitted in court that Mr. McDaniel "did not go through the proper training requirements prior to aiding [sic] law enforcement agents in undercover drug buys," which, the Plaintiff argues, "tainted" the informant. Id. at p. 4. The Plaintiff contends Mr. Van Hook "disregarded his 'Ethical

---

[1]The Plaintiff filed his complaint on the form provided for prisoners to file actions under 42 U.S.C. § 1983, but he struck the language referring to § 1983 and wrote "BIVENS LAW CLAIM." [Record Document 1, p. 1].

[2]See United States v. Ashton, et al, Criminal Docket No. 5:13-cr-00038-03 (W.D. La) [Record Document 124, p. 1]. The conditional guilty plea reserved the Plaintiff's right to have an appellate court review the district court's ruling regarding the admissibility of testimony from Frederick McDaniel, the Government's confidential informant. Ashton, Criminal Docket No. 5:13-cr-00038-03 (W.D. La) [Record Document 143, p. 1]. In a letter, Steve Glassell explained to the Plaintiff that he can appeal the court's ruling regarding the confidential informant's testimony to the Fifth Circuit after sentencing. Ashton, Criminal Docket No. 5:13-cr-00038-03 (W.D. La) [Record Document 147-1, p. 1]. The Plaintiff was committed to the custody of the Bureau of Prisons for a term of 120 months on March 4, 2014. Ashton, Criminal Docket No. 5:13-cr-00038-03 (W.D. La) [Record Document 158, p. 1].

Responsibilities' pursuant to the (ABA), and unlawfully concealed exculpatory evidence" related to the use of an informant. Id.

The Plaintiff alleges that on November 10, 2013, he provided Mr. Glassell with a "Formal Notice of Withdrawal" of the guilty plea, but Mr. Glassell refused to file said document, which led the Plaintiff to submit his own Motion To Withdraw the Guilty Plea. Id. at p. 5. Judge Walter denied the Plaintiff's motion.[3]

Prior to the Plaintiff's guilty plea and the instant suit, the Plaintiff filed a similar action in Davis v. Marak, 2013 WL 4044911 (W.D. La. Aug. 8, 2013), arising out of the same criminal prosecution discussed in the Plaintiff's complaint before this Court. There, another district court for the Western District of Louisiana dismissed a Bivens action brought by the Plaintiff against Betty Marak (the Plaintiff's first criminal defense attorney), the investigator in the Plaintiff's criminal trial, the Sheriff of DeSoto Parish, and unknown federal agents. Davis, 2013 WL 4044911 at *3. The Plaintiff's Bivens action against the aforesaid persons argued the following: Mr. McDaniel's status as a convicted felon barred the admission of drugs purchased from the Plaintiff into evidence; Mrs. Marak, a public defender, conspired with the Government against the Plaintiff and refused to file a motion to suppress the cocaine based on the Plaintiff's theory; and, the Sheriff of DeSoto Parish was liable for his subordinates'

---

[3]Ashton, Criminal Docket No. 5:13-cr-00038-03 (W.D. La) [Record Document 143, p. 1]. After the court denied the Plaintiff's motion, the Plaintiff wrote a letter to the Clerk of Court to explain that his attorney was "ineffective" and conspiring with the federal government to deprive him of his rights. Ashton, Criminal Docket No. 5:13-cr-00038-03 (W.D. La) [Record Document 147, p. 1]. The letter is not docketed as an appeal of the district court's denial of the Plaintiff's motion. Id.

unconstitutional actions because he failed to properly train them. Id. at *1. Judge Hicks dismissed with prejudice all claims against employees of the Federal Public Defender's Office but stayed the remaining claims pending the Plaintiff's sentencing. Id. at *3.[4]

## II.   <u>Bivens</u> Claim Against the Plaintiff's Defense Attorney

A <u>Bivens</u> claim requires a showing that the defendant was a federal officer acting under color of federal law. Federal public defenders and other attorneys appointed by a federal court to represent a defendant in a federal criminal prosecution are not federal officers for purposes of a <u>Bivens</u>-type claim. They do not act on behalf of the government, but rather serve the public by advancing the undivided interests of their clients. <u>See</u> <u>Allred v. McCaughey</u>, 257 Fed. App'x. 91, 92-93 (10th Cir. 2007) (collecting cases); <u>Haley v. Walker</u>, 751 F.2d 284, 285 (8th Cir. 1984) ("an attorney appointed by a federal court is not a federal officer for purposes of a <u>Bivens</u>-type action."); <u>Bradford v. Shankman</u>, 772 F.2d 905 at *1 (6th Cir. 1985) ("a private attorney and a federal public defender do not act under color of federal law for purposes of a <u>Bivens</u> action."); <u>Cox v. Hellerstein</u>, 685 F.2d 1098, 1099 (9th Cir. 1982) ("a public defender does not act under color of federal law in performing the identical functions as a lawyer to an indigent defendant in a federal criminal proceeding."); <u>Sistrunk v. Breedy</u>, No. 11-889, 2011 WL 2976471 at *2, n.6 (E.D. La. June 22, 2011) ("A federal public defender is neither a state actor for purposes of § 1983 nor a federal officer for purposes of <u>Bivens</u>."). In this case, Mr. Glassell acted only on the Plaintiff's behalf as his attorney,

---

[4] <u>Davis v. Marak</u> remains administratively closed and is on appeal to the Fifth Circuit.

not on behalf of the Government or under color of federal law. Thus, the Plaintiff has no viable <u>Bivens</u> claim against Mr. Glassell, and that claim must be dismissed.

### III.   <u>Bivens</u> Claim Against the Prosecutor

The remaining allegations in the Plaintiff's complaint pertain to prosecutorial misconduct and evidence gathering. In <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364 (1994), the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-487.

<u>Heck</u> was a 42 U.S.C. § 1983 case, but its rule applies with equal force to <u>Bivens</u> claims. <u>See</u> <u>Cardona v. United States</u>, 191 Fed. App'x. 327, 328 (5th Cir. 2006) (dismissing a <u>Bivens</u> claim against federal prosecutors pursuant to <u>Heck</u>); <u>Bounds v. U.S. District Court</u>, No. 06-0233, 2007 WL 1169377, at *7 (W.D. La. April 18, 2007) ("<u>Heck</u> was a Section 1983 case, but its rule applies with equal force to <u>Bivens</u> claims."). <u>Heck</u> is applicable to claims for injunctive or declaratory relief which, if granted, would necessarily imply the plaintiff's conviction or sentence is invalid. <u>See</u> <u>Kutzner v. Montgomery County</u>, 303 F.3d 339, 340–41 (5th Cir. 2002), <u>overruled on other grounds by</u> <u>Skinner v. Switzer</u>, --- U.S. ---, 131 S. Ct. 1289 (2011). Claims for injunctive, declaratory, and monetary relief that attack a conviction or guilty plea that

5

remains in force are barred under <u>Heck</u> as premature. <u>See</u> <u>Summers v. Eidson</u>, 206 Fed. App'x 321, 323 (5th Cir. 2006) (<u>Heck</u> "applies to injunctive as well as monetary relief."); <u>Mitchell v. Lanehart</u>, 232 F.3d 211, 211 (5th Cir. 2000) (holding that <u>Heck</u> bars a 42 U.S.C. § 1983 action alleging that the lack of effective assistance of counsel resulted in an unknowing and involuntary guilty plea when the plaintiff fails to show his conviction had been reversed, expunged, declared invalid, or called into question. Here, the Plaintiff's claim against Mr. Van Hook arises from his allegedly wrongful prosecution and conviction, a fact which implies that the Plaintiff's criminal conviction is invalid. Because the Plaintiff does not show his criminal conviction has been set aside, his <u>Bivens</u> claim is premature and therefore barred under <u>Heck</u>. Accordingly, this claim must be dismissed.

## IV.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Plaintiff's claim against Steve Glassell be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Plaintiff's claim against Alexander Van Hook be **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** this 25th day of March, 2014.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE